An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEJANDRO VEGA CARRILLO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62378

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of burglary. First Judicial District Court, Carson City; James E. Wilson, Judge. The district court sentenced appellant Alejandro Vega Carrillo to a prison term of 12-48 months, suspended the sentence, and placed him on probation for a term not to exceed three years.

Carrillo contends that the district court relied upon improper and suspect information when it denied his application for diversion pursuant to NRS 458.300-.320. We have consistently afforded the district court wide discretion in its sentencing decision, *see, e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976).

First, Carrillo asserts that the district court improperly considered the fact that he previously completed diversion. Carrillo contends this was improper because the Legislature provided that a person may participate in diversion twice, *see* NRS 458.300(7), and the district court "cannot interpose its judgment for that of the legislature." This contention lacks merit. Although Carrillo may have been eligible for

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21544

diversion despite his prior participation in the program, the determination to admit him to the program a second time was within the district court's discretion. *See* NRS 458.320(2). And Carrillo points to no authority prohibiting the district court from considering his prior participation.

Second, Carrillo contends that the district court erred by questioning his assertion that he believed the residence was unoccupied and by relying on the Division of Parole and Probation's assessment that this assertion was untruthful. Carrillo fails to demonstrate that the district court erred in assessing his credibility, *see Howard v. State*, 106 Nev. 713, 722, 800 P.2d 175, 180 (1991), *abrogation recognized on other grounds by Harte v. State,* 116 Nev. 1054, 1072 n.6, 13 P.3d 420, 432 n.6 (2000), and the record does not demonstrate that the district court relied solely on the Division's assertion. In addition, Carrillo's sentence is within the parameters provided by the relevant statute. *See* NRS 205.060(2). Therefore, Carrillo fails to demonstrate that the district court abused its discretion, and we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                          Cherry

---

[1]The fast track response does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because it does not have 1-inch margins on all four sides. We caution the State that future failure to comply with formatting requirements when filing briefs with this court may result in the imposition of sanctions. *See* NRAP 3C(n).

cc:   Hon. James E. Wilson, District Judge
State Public Defender/Carson City
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk